**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

_____
:
ADOLPHUS DOWNS, :
: Civil Action No. 10-3158 (WJM)
Petitioner, :
:
v. : **O P I N I O N**
:
DONALD MEE, et al., :
:
Respondents. :
_____:

**APPEARANCES:**

Adolphus Downs, Pro Se
297856-189521C
East Jersey State Prison
Lock Bag R
Rahway, NJ 07065

Steven E. Braun, Esq.
Passaic County Prosecutor's Office
401 Grand Street
Paterson, NJ 07505-2095
Attorney for Respondents

**MARTINI, District Judge**

Petitioner, Adolphus Downs, a prisoner confined at the East Jersey State Prison in Rahway, New Jersey, submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The respondents are Administrator Donald Mee and the Attorney General of New Jersey. Respondents have filed a motion to dismiss based on the limitations period. For the reasons stated herein, the motion to dismiss must be granted, and the petition must be dismissed.

## BACKGROUND

Petitioner was convicted on January 23, 1998 in New Jersey state court for robbery and weapons charges. Except for one count which was reversed and remanded, Petitioner's convictions and sentences were affirmed by the Superior Court of New Jersey, Appellate Division ("Appellate Division") on January 19, 2000. Petitioner's petition for certification to the New Jersey Supreme Court was denied on April 28, 2000. Petitioner had until approximately July 28, 2000 to file a petition for certiorari with the United States Supreme Court.

On September 28, 2000, Petitioner filed his first post-conviction relief ("PCR") motion in the trial court. It was denied in April of 2001, with the denial being reversed by the Appellate Division on March 27, 2003. The Appellate Division ordered that the matter be remanded for an evidentiary hearing on Petitioner's claim of ineffective assistance of counsel. On October 30, 2003, after remand and evidentiary hearing, the petition was denied by the trial court. Petitioner appealed the October 30, 2003 denial, which was affirmed by the Appellate Division on April 29, 2005. Petitioner's petition for certification was denied on September 12, 2005.

On March 24, 2006, Petitioner filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, in this Court. During the pendency of that habeas action, he filed a third PCR

2

motion[1] on May 31, 2006, which was denied on August 2, 2006. Petitioner did not appeal the third PCR denial. On November 8, 2006, this Court issued an Opinion and Order dismissing Petitioner's first-filed habeas petition for failure to exhaust state court remedies. This Court informed Petitioner in the dismissal Opinion that once he filed his PCR motion to exhaust his claims, he would have ten months left on his limitations period to file a second, all-inclusive, exhausted habeas petition.

Approximately one month later, Petitioner filed a fourth PCR motion, presumably to exhaust his state court remedies, on December 11, 2006, which was denied as untimely under New Jersey law by the Appellate Division on September 22, 2008. Petitioner's petition for certification to the New Jersey Supreme Court was denied on February 11, 2009. Thereafter, however, Petitioner waited until June 21, 2010 to file this second habeas petition in this Court.

In his second petition, Petitioner asserts evidential insufficiency, prosecutorial misconduct, trial court error, and ineffective assistance of counsel as his grounds for habeas relief (Petition, ¶ 12).

---

[1] Although this is referred to as the third PCR motion, this Court cannot locate the record concerning Petitioner's second PCR motion. However, it is not vital to the outcome of this litigation, as the Court, for purposes of this motion to dismiss, has given Petitioner the benefit of the doubt to consider any time between the first and final PCR motions tolled.

In lieu of an Answer, Respondents have filed a motion to dismiss, asserting that this second petition is time-barred.

**DISCUSSION**

**A.   Pleading Standards**

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

**B.   The Petition is Time-Barred**

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254 now provides, in pertinent part:

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a). A petitioner's ability to pursue the writ of habeas corpus is subject to various affirmative defenses, including the defense that the petition is time-barred.

The limitation period for a § 2254 habeas petition is set forth in 28 U.S.C. § 2244(d), which provides in pertinent part:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

The limitations period is applied on a claim-by-claim basis. See Fielder v. Verner, 379 F.3d 113 (3d Cir. 2004), cert. denied, 543 U.S. 1067 (2005); Sweger v. Chesney, 294 F.3d 506 (3d Cir. 2002). Here, the facts alleged indicate that the timeliness of the entire petition must be measured by Section 2244(d)(1)(A).

Thus, evaluation of the timeliness of this § 2254 petition requires a determination of, first, when the pertinent judgment

became "final," and, second, the period of time during which an application for state post-conviction relief was "properly filed" and "pending" for tolling purposes.

A state-court criminal judgment becomes "final" within the meaning of § 2244(d)(1) by the conclusion of direct review or by the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court. See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n. 1 (3d Cir. 1999); U.S. Sup. Ct. R. 13. A state court's grant of leave to file an out-of-time direct appeal resets the date when the conviction becomes final under § 2244(d)(1). See Jimenez v. Quartermain, 555 U.S. 113 (2009).

To statutorily toll the limitations period, a state petition for post-conviction relief must be "properly filed." As such:

> An application is "filed," as that term is commonly understood, when it is delivered to, and accepted by the appropriate court officer for placement into the official record. And an application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee. In some jurisdictions the filing requirements also include, for example, preconditions imposed on particular abusive filers, or on all filers generally. But in common usage, the question whether an application has been "properly filed" is quite separate from the question whether the claims contained in the application are meritorious and free of procedural bar.

Artuz v. Bennett, 531 U.S. 4, 8-9 (2000) (citations and footnote omitted) (finding that a petition was not "[im]properly filed" merely because it presented claims that were procedurally barred under New York law on the grounds that they were previously determined on the merits upon an appeal from the judgment of conviction or that they could have been raised on direct appeal but were not); see also Pace v. DiGuglielmo, 544 U.S. 408 (2005) (state PCR petition rejected as untimely under state statute of limitations was not "properly filed" for purposes of § 2244 (d)(2)).

An application for state post-conviction relief is considered "pending" within the meaning of § 2244(d)(2), and the limitations period is statutorily tolled from the time it is "properly filed," during the period between a lower state court's decision and the filing of a notice of appeal to a higher court, Carey v. Saffold, 536 U.S. 214 (2002), and through the time in which an appeal could be filed, even if the appeal is never filed, Swartz, 204 F.3d at 420-24. However, "the time during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the one year statute of limitations under 28 U.S.C. § 2244(d)(2)." Stokes v. District Attorney of the County of Philadelphia, 247 F.3d 539, 542 (3d Cir.), cert. denied, 534 U.S. 959 (2001).

The limitations period of § 2244(d) also is subject to equitable tolling. See Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.), cert. denied, 534 U.S. 944 (2001); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999); Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998). Equitable tolling applies:

> only when the principles of equity would make the rigid application of a limitation period unfair. Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights. The petitioner must show that he or she exercised reasonable diligence in investigating and bringing the claims. Mere excusable neglect is not sufficient.

Miller, 145 F.3d at 618-19 (citations and punctuation marks omitted). Among other circumstances, the Court of Appeals for the Third Circuit has held that equitable tolling may be appropriate "if the plaintiff has timely asserted his rights mistakenly in the wrong forum," i.e., if a petitioner has filed a timely but unexhausted federal habeas petition. See Jones, 195 F.3d at 159; see also Duncan v. Walker, 533 U.S. 167, 183 (2001) (Stevens, J., joined by Souter, J., concurring in part) ("neither the Court's narrow holding [that the limitations period is not statutorily tolled during the pendency of a premature federal habeas petition], nor anything in the text or legislative history of AEDPA, precludes a federal court from deeming the limitations period tolled for such a petition as a matter of equity"); 533

U.S. at 192 (Breyer, J., dissenting, joined by Ginsburg, J.) (characterizing Justice Stevens's suggestion as "sound").

Finally, "a pro se prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court." Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998) (citing Houston v. Lack, 487 U.S. 266 (1988)).

Here, the judgment against Petitioner was entered on January 23, 1998, and Petitioner's direct appeal concluded on July 28, 2000, the last date in which Petitioner could have petitioned the United States Supreme Court for certiorari. Thus, the conviction became "final" on that date, and Petitioner had one year to file his federal habeas petition, or until July 27, 2001.

Even tolling Petitioner's PCR filings from September 28, 2000 through the denial of his final PCR motion by the New Jersey Supreme Court on February 22, 2009, Petitioner did not file this habeas petition until June 21, 2010, more than a year later.[2] This Court notes again that when Petitioner's first-filed habeas petition was denied by this Court on November 8, 2006, Petitioner was told that he would have ten months after his final PCR motion was concluded. Still, Petitioner did not file this habeas motion until June, 2010, well after ten months had passed.

---

[2] This Court notes that although Petitioner dated the petition "7/8/10," the Clerk of the Court received it and created a docket for the case on June 21, 2010. The Court presumes that Petitioner meant to write "6/8/10" as the date he signed the petition, not "7/8/10."

9

This Court also notes that Petitioner's final PCR motion, filed on December 11, 2006, was not "properly filed" as it was denied as untimely. See Pace v. DeGuglielmo, 544 U.S. 408 (2005). However, even tolling the time limit, Petitioner's petition for certification to the New Jersey Supreme Court on the denial of his final PCR motion was denied on February 11, 2009. Again, this petition having been filed more than a year after that, in June of 2010, demonstrates that the petition is clearly untimely.

Finally, Petitioner asserts no facts that would indicate that his petition should be equitably tolled. Accordingly, this petition is time-barred, the motion to dismiss must be granted, and the petition must be dismissed.

## CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate

to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Here, reasonable jurists would not find this Court's procedural ruling debatable. Accordingly, no certificate of appealability shall issue.

## **CONCLUSION**

For the reasons set forth above, Respondents' motion to dismiss is granted, and the petition is dismissed. An appropriate order follows.

s/William J. Martini

WILLIAM J. MARTINI
United States District Judge

Dated: 6/8/11